Narain v Society Pass Inc. (2025 NY Slip Op 00165)

Narain v Society Pass Inc.

2025 NY Slip Op 00165

Decided on January 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2025

Before: Moulton, J.P., Kapnick, Scarpulla, Mendez, O'Neill Levy, JJ. 

Index No. 656956/19 Appeal No. 3444-3445-3446 Case No. 2023-04977 2023-05784 2023-05785 

[*1]Rahul Narain, Plaintiff-Appellant-Respondent,
v
Society Pass Incorporated, Defendant-Respondent-Appellant. 

Law Office of Ethan A. Brecher, LLC, New York (Ethan A. Brecher of counsel), for appellant-respondent.
Sichenzia Ross Ference Carmel LLP, New York (Michael D. Nacht of counsel), for respondent-appellant.

Judgment, Supreme Court, New York County (Andrew Borrok, J.), entered December 26, 2023, to the extent appealed from as limited by the briefs, awarding plaintiff damages against defendant, and bringing up for review orders, same court and Justice, entered on or about September 14 and October 5, 2023, which granted plaintiff's motion for summary judgment on his second cause of action for breach of contract, denied plaintiff's motion for summary judgment dismissing defendant's counterclaims, and granted defendant's motion for an adverse inference charge, and order, same court and Justice, entered October 26, 2023, which, after a Frye hearing, denied plaintiff's motion to preclude the testimony of defendant's valuation expert, unanimously modified, on the law, to limit the adverse inference to evidence of communications with the India office employees, and otherwise affirmed, without costs. Appeals from aforementioned orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The court properly granted plaintiff summary judgment on his claim for breach of the common stock purchase warrant. Given the number of inconsistencies between the warrant and plaintiff's employment agreement with defendant, we conclude that the parties intended the warrant to be an independent, stand-alone agreement (see O'Connor v Society Pass Inc., ___AD3d___, 2024 NY Slip Op 05141 [1st Dept 2024]). Because defendant failed to explain its CEO's repeated admission as to the value of the shares appurtenant to the warrant, the court properly found that defendant was bound by the admission, and summary judgment on the amount of damages was appropriate (see Koslowski v Koslowski, 245 AD2d 266, 268 [2d Dept 1997], lv dismissed in part, denied in part 92 NY2d 835 [1998]).
On this record, there are issues of fact as to what caused defendant's lead investor to decrease its investment which preclude summary judgment dismissing defendant's counterclaim for tortious interference with prospective business relations. Moreover, defendant adduced facts, including plaintiff's repeated disparagement of its CEO, his false statements to employees that the India office would be closed, and his other acts pressing employees to leave or to refuse to sign the IT Security Handbook, that raised triable issues as to plaintiff's malice (see Carvel Corp. v Noonan, 3 NY3d 182, 190 [2004]). Further, plaintiff failed to show that, simply because defendant is a new business, it cannot, as a matter of law, recover lost profits (see Blinds to Go [U.S.], Inc. v Times Plaza Dev., L.P., 88 AD3d 838, 840 [2d Dept 2011]).
Defendant adduced sufficient evidence to raise a triable issue as to whether plaintiff took possession of confidential information to preclude summary judgment dismissing the counterclaims for conversion, trespass to chattels, and misappropriation of trade secrets.
While the court correctly found that plaintiff spoliated evidence, defendant's failure to seek [*2]that evidence (mainly communications) from third parties undermined its contention that it was prejudiced by the spoliation (see Blackstock v AVR Crossroads, LLC, 211 AD3d 568, 568 [1st Dept 2022]). The one exception is that there was no source from which certain communications between plaintiff and the India team could be recovered. As such, the appropriate adverse inference against plaintiff is that the missing evidence would have shown that plaintiff refused to sign the IT Security Handbook, encouraged others not to sign, disparaged defendant's CEO, and encouraged employees to leave defendant.
The court properly denied plaintiff's motion to preclude the testimony of defendant's valuation expert, and properly limited the testimony. Plaintiff made no showing that defendant's expert's use of a weighted average capital method as part of his discounted cash flow analysis was not generally accepted. Plaintiff offered no expert opinion on this issue at all.
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2025